In the Matter of TWO MINOR CHILDREN

High Court of American Samoa
Trial Division

JUV No. 16-89
JUV No. 17-89

June 12, 1989

Before REES, Associate Justice, OLO, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Petitioners, Togiola T.A. Tulafono

These petitions for relinquishment of parental rights present the Court with a difficult decision.

The maternal grandparents, who propose to adopt the children if the petitions are granted, obviously love the children and are willing to provide for them. The grandparents are well off financially and are obviously sincere in their desire to provide a home for the children; this petition, unlike many proposed grandparent adoptions, does not appear to be for the purpose of

increasing the grandparents' Social Security benefits.

The natural parents also appear to love the children and to be in a good position to provide for them. The parents and grandparents live in homes immediately adjacent to each other; although one child has slept in the house with his grandparents since shortly after birth while the other has slept in the house with his parents until recently, both children appear to have close relationships with their parents as well as their grandparents. They regard their natural parents as their mother and father.

Taking account of all the circumstances, we cannot conclude that a change in the legal status of the children would be in their best interest. Legal adoption is not necessary to allow the children to live with their grandparents, or even for the grandparents to take the primary role in the children's upbringing. The most significant legal effect of granting the petition would be to terminate the obligation of support currently imposed on the parents, who are 30 and 28 years of age respectively, in order to impose a similar obligation on the grandparents, who are 59 and 54. By the time the younger of these two children reaches the age of majority his grandparents will be in their seventies, while the natural parents will be in their forties. Since all other factors appear to be roughly equal --- both the parents and the grandparents appear to be fine people and good providers --- the proposed change in the respective legal obligations of the parties would not appear to be of net benefit to the children.

We reiterate that we express no disapproval of any proposed arrangement for the upbringing of the children. We hold only that this is not a case in which a change in the legal rights and obligations of the parties is necessary or appropriate.

The petitions are denied.